UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DENICE MARIE HARRIS,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

**Civil Action No. 17-3964 (SRC)**

**OPINION**

---

**CHESLER**, District Judge

    This matter comes before the Court on the appeal by Plaintiff Denice Marie Harris ("Plaintiff"), of the final decision of the Commissioner of Social Security ("Commissioner"), determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning November 14, 2012. A hearing was held before ALJ Karen Shelton (the "ALJ") on October 1, 2015 and the ALJ issued an unfavorable decision on February 11, 2016, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of February 11, 2016, the ALJ made the following findings. The ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a range of unskilled, light work, with some exertional and non-exertional limitations. Specifically, the ALJ found Plaintiff required the opportunity to sit for five minutes after every hour of standing, and to stand for five minutes after every hour of sitting. The ALJ additionally found that Plaintiff could remember simple instructions and make simple work decisions, could concentrate for up to two hours before needing a break, and was limited to a routine environment with infrequent changes. Finally, the ALJ found that Plaintiff could have occasional contact with supervisors, coworkers, and the public. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as a mail clerk. The ALJ then conducted an alternative analysis and proceeded to step five. At step five, the ALJ consulted a vocational expert and concluded, in the alternative, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. For example, in response to questioning by the ALJ, the vocational expert testified that Plaintiff is capable of performing the requirements associated with three representative occupations, such as an inspector, bench assembler, and packer. Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff contends that the decision should be reversed on two principal grounds: 1) the ALJ's finding that Plaintiff had past relevant work activity as a mail clerk, and therefore had the

capacity to return to her past relevant work, is not supported by substantial evidence;[1] and 2) the ALJ's finding that Plaintiff could return to alternative work (i.e. that there were other jobs in the national economy that Plaintiff could perform) was not supported by substantial evidence. Defendant counters that the ALJ properly supported her decision with substantial evidence from the record, and should be affirmed. The Court agrees with Defendant, and need not reach Plaintiff's first argument as this Court affirms the Commissioner's decision based on the ALJ's alternative analysis.

This Court reviews the Commissioner's decisions under the substantial evidence standard. This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981). Plaintiff bears the burden of proof in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Stated differently, Plaintiff contends that the ALJ's finding that Plaintiff's past work as a mail clerk qualified as past relevant work experience cannot be sustained because Plaintiff did not perform the job long enough to learn it. ECF No. 11 at 13-16.

Plaintiff argues that the vocational expert's testimony does not provide substantial evidence supporting the ALJ's Step 5 determination that Plaintiff can perform alternative, available work, because the expert testified that a person who occasionally cannot respond appropriately to a supervisor would not be employable. Specifically, Plaintiff states that "on cross-examination (Tr. 106-108) the vocational expert agreed that if being able to interact with a supervisor only occasionally also meant that there were times during the day when a person was unable to interact appropriately with a supervisor, then no work would be possible." ECF No. 11 at 18. She further urges that the vocational expert testified that the positions of bench assembler, inspector, and packer require occasional contact with supervisors, coworkers, and the public, which is inconsistent with her impairments, as "it defies our common understanding of work to believe that a person, especially in an unskilled position, who is precluded from interacting with a supervisor for any portion of the day, would be able to sustain any employment." Id. Thus, Plaintiff essentially argues that remand is necessary because the ALJ disregarded the testimony of the vocational witness without explanation on this point.

Plaintiff's contention regarding the vocational expert's testimony on her lack of employability is meritless. Here, the record reveals substantial evidence that the hypothetical questions the ALJ posed to the vocational expert accurately reflected Plaintiff's credibly established limitations. "It is well-settled that the law only requires the ALJ to include limitations supported by the record in her hypothetical question to the vocational expert." Kreuzberger v. Astrue, Civil Action No. 07-529, 2008 U.S. Dist. LEXIS 45224, at *26 (W.D. Pa. June 9, 2008) (citing Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984)). Moreover, an ALJ is only required to accept testimony from a vocational expert which accurately reflects a plaintiff's limitations. See Chrupcala, 829 F.2d at

4

1276; Podedworny, 745 F.2d at 218. Accordingly, "[w]hen a hypothetical question meets that requirement, and is supported by substantial evidence, expert vocational testimony suffices as substantial evidence supporting a Step 5 finding." Walker v. Colvin, No. 5:12-483, 2013 U.S. Dist. LEXIS 139747, at *14 (N.D.N.Y. June 19, 2013) (citing Mancuso v. Astrue, 361 Fed. App'x 176, 179 (2d Cir. 2010); Salmini v. Commissioner of Soc. Sec., 371 Fed. App'x 109, 114 (2d Cir. 2010); Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004)).

The record reflects substantial evidence that the hypothetical questions the ALJ posed to the vocational expert and adopted accurately reflected Plaintiff's impairments; it does not support the additional limitation Plaintiff contends the ALJ should have considered. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a range of unskilled, light work, with some exertional and non-exertional limitations. Specifically, the ALJ found Plaintiff required the opportunity to sit for five minutes after every hour of standing, and to stand for five minutes after every hour of sitting. The ALJ additionally found that Plaintiff could remember simple instructions and make simple work decisions, could concentrate for up to two hours before needing a break, and was limited to a routine environment with infrequent changes. Finally, the ALJ found that Plaintiff could have occasional contact with supervisors, coworkers, and the public. No other limitations were found or credibly established with regard to Plaintiff's residual functional capacity. While the vocational expert testified in response to a hypothetical posed by Plaintiff's counsel— that a person who is occasionally unable to respond appropriately to supervisors would indeed be unemployable—there is no evidence in the record to support Plaintiff's contention that there are times in the day that she would be *wholly unable* to interact with supervisors in an *appropriate* manner, or that Plaintiff would engage in frequent or occasional inappropriate conduct in dealing with them. Specifically, the ALJ did not find that

5

Plaintiff would sometimes be unable to appropriately interact with supervisors. Rather, the ALJ made a finding, supported by substantial evidence, that Plaintiff's physical and mental impairments meant that she could have *occasional contact with* supervisors, coworkers, and the public. Plaintiff fails to point to any medical evidence that credibly establishes the proposed limitation that she would be sometimes wholly *unable to appropriately interact* with supervisors. Instead, the ALJ properly found and considered Plaintiff's residual functional capacity to include a limited amount of contact with supervisors. No finding regarding the *quality* of this contact with regard to Plaintiff's alleged disabilities was made or credibly established. Third Circuit law on this point is clear:

> **We do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant.** Instead the directive in Podedworny is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." . . . Fairly understood, such references to all impairments encompass only those that are medically established. . . And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.

Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis added). "Credibly established limitations" refers to limitations established in the step four residual functional capacity determination. Plaintiff fails to point to anything in the record indicating an inability to deal with supervisors appropriately, and, most notably, Plaintiff has not actually challenged the ALJ's residual functioning capacity determination. Instead, Plaintiff attempts to superimpose an additional limitation that the ALJ *did not* find into the hypothetical proposed to the vocational expert, which is unsupported by the record. There is simply no evidence that would support the additional limitation proposed by Plaintiff, nor does Plaintiff point to any such evidence. Indeed, Plaintiff fails to even argue such limitation should have been included in the hypothetical the ALJ posed. Having failed to challenge the ALJ's residual functional capacity determination on

this ground, there exists no basis to challenge the hypothetical presented to the vocational expert. Thus, the ALJ did not err in discounting the vocational expert's testimony in response to Plaintiff's hypothetical, because the ALJ credited the testimony that stated that a person with Plaintiff's characteristics and Plaintiff's residual functional capacity, who can perform a range of unskilled, light work, with some exertional and non-exertional limitations, as specified above, would be able to perform jobs in the national economy such as inspector, bench assembly, and packer. The vocational expert's testimony, based on Plaintiff's credibly established limitations, constitutes substantial evidence. Because the ALJ properly considered Plaintiff's limitations supported by the record, the Court finds the ALJ's decision to be supported by substantial evidence. Plaintiff has failed to persuade this Court that the ALJ erred in her decision or that she was harmed by any errors.

    For the foregoing reasons, this Court finds that the Commissioner's decision is supported by substantial evidence, and the Commissioner's decision is affirmed.

                                        s/ Stanley R. Chesler
                                       STANLEY R. CHESLER
                                      United States District Judge

Dated: November, 5 2018